UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EVONNE S.,

        Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No. C19-1994-MLP

ORDER

## I.  INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in assessing her testimony as well as the medical opinion evidence. (Dkt. # 18.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.  BACKGROUND

Plaintiff was born in 1972, has an associate's degree, and has worked as an administrative assistant, babysitter, and fast food worker. AR at 31, 347. Plaintiff was last gainfully employed in December 2014. *Id*. at 346.

ORDER - 1

In July 2016, Plaintiff applied for benefits, alleging disability as of December 31, 2014. AR at 311-16, 319-25. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id*. at 226-29, 236-51. After the ALJ conducted a hearing in June 2018 (*id*. at 53-107), the ALJ issued a decision finding Plaintiff not disabled. *Id*. at 16-33.

Utilizing the five-step disability evaluation process,[1] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since the alleged onset date.

Step two: Plaintiff has the following severe impairments: idiopathic scoliosis, osteoarthritis, obesity, post-traumatic stress disorder, and depression.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[2]

Residual Functional Capacity ("RFC"): Plaintiff can lift/carry 20 pounds on occasion and 10 pounds frequently. She can stand and/or walk for two-hour intervals 6-8 hours total per day, and can sit for two-hour intervals for 6-8 hours total per day. She can never climb ladders, ropes, or scaffolds. She can occasionally climb stairs and ramps. She can never crawl. She can occasionally balance, stoop, kneel, and crouch. She can have occasional exposure to extreme cold and atmospheric conditions as defined by the Dictionary of Occupational Titles ("DOT"). She can have no exposure to high impact tools such as nail guns or jackhammers but can otherwise have occasional exposure to vibrations. She cannot work at exposed heights or operate heavy equipment but can otherwise have occasional exposure to hazards as defined by the DOT. She can follow task instructions and complete tasks generally required by occupations with a Specific Vocational Preparation ("SVP") level of 1 or 2, requiring occasional superficial interaction with the general public and occasional interaction with coworkers or supervisors. She can interact with supervisors sufficiently to learn to perform the job tasks generally required by occupations with SVP level 1 or 2. Once she learns the job tasks, she would be able to interact sufficiently with supervisors as generally required by occupations with an SVP level of 1 or 2. She could complete job tasks and assignments without the assistance of others but occasional assistance would be tolerated. She can adjust to work setting changes generally associated with occupations with an SVP level of 1 or 2.

Step four: Plaintiff cannot perform past relevant work.

Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 2

AR at 16-33.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court.

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

ORDER - 3

## IV.   DISCUSSION

### A.  The ALJ Did Not Err in Discounting Plaintiff's Subjective Testimony

The ALJ discounted Plaintiff's subjective allegations, finding them: (1) inconsistent with the objective medical evidence, (2) undermined by Plaintiff's non-compliance with conservative treatment, and (3) undermined by evidence that providers found Plaintiff's perception of her limitations to be out of proportion to her functional abilities. AR at 24-29. Plaintiff argues that these reasons are not clear and convincing nor supported by substantial evidence, as required in the Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

#### 1.   Objective Medical Evidence

The ALJ found that because Plaintiff's physical treatment record shows "generally normal findings on physical examination such as normal gait, no more than slightly reduced strength, and no cranial nerve or sensory deficit[,]" Plaintiff's allegations of disabling physical limitations were inconsistent with the record. AR at 24-25. The ALJ also found that Plaintiff's psychological treatment record showed improvement with medication. *Id*. at 28-29.

Plaintiff argues that the normal physical findings cited by the ALJ do not necessarily undermine her allegations of difficulty with sitting, standing, or walking for prolonged periods of time. (Dkt. # 18 at 9.) Plaintiff argues that because she has fibromyalgia, which often does not manifest in abnormal objective findings, the ALJ unreasonably cited to normal findings without explaining how they undermined Plaintiff's allegations. (Dkt. # 18 at 10.) Evidence of normal gait and no more than slightly reduced strength, however, is reasonably inconsistent with some of the physical allegations the ALJ summarized, namely Plaintiff's allegations that she cannot walk longer than 10-15 minutes or lift more than 10 pounds. AR at 24. Furthermore, the ALJ also pointed to treatment notes recommending that Plaintiff walk for exercise and Plaintiff

reported an ability to do so. *Id*. at 25, 27. Even if the objective medical evidence could not solely support the ALJ's assessment of Plaintiff's allegations, Plaintiff has not shown that the ALJ erred in considering the degree to which the objective findings corroborate Plaintiff's allegations. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.").

Furthermore, the ALJ also cited Plaintiff's mental health treatment records as evidence inconsistent with Plaintiff's allegations. AR at 28. Specifically, the ALJ noted that Plaintiff reported improvement with medication, although she was not always compliant with her medication regimen. *Id*. Improvement with medication is another clear and convincing reason to discount Plaintiff's allegation of disabling mental limitations. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039-40 (9th Cir. 2008) ("The record reflects that Tommasetti responded favorably to conservative treatment including physical therapy and the use of anti-inflammatory medication, a transcutaneous electrical nerve stimulation unit, and a lumbosacral corset. Such a response to conservative treatment undermines Tommasetti's reports regarding the disabling nature of his pain.").

### 2. Non-Compliance

The ALJ found that Plaintiff's non-compliance with conservative treatment undermined her allegations of disabling limitations. AR at 25. As examples of non-compliance, the ALJ cited Plaintiff's failure to complete courses of physical therapy on multiple occasions as well as her inconsistency in completing her prescribed home exercise programs. *Id*. at 25 (citing *id*. at 502, 515), 26 (citing *id*. at 553-54), 27 (citing *id*. at 891-93, 986).

Plaintiff contends that the ALJ did not explain why her lack of compliance with physical therapy undermined her allegations, but the Ninth Circuit has held that a claimant's unexplained or inadequately explained failure to comply with treatment recommendations undermines the reliability of a claimant's allegations. *See, e.g.*, *Tommasetti*, 533 F.3d at 1039. Plaintiff points to no explanation for why she failed to complete multiple prescribed courses of physical therapy during the adjudicated period. Plaintiff has not shown that the ALJ unreasonably found that Plaintiff's failure to follow through on all of her recommended physical therapy undermined her allegations of disabling physical limitations.

### 3. Out-of-Proportion Perception

Plaintiff's treating physical therapists noted on two occasions that she perceived herself to be more limited than therapists observed her to be. *See* AR at 872 ("She has very high disability rating compared to observed functional abilities."), 985 ("[Patient] advised that her self rating appears below observed function in multiple areas and she became quite irritable and unable to redirect."). The ALJ specifically linked his assessment of Plaintiff's allegations to this evidence of exaggeration (*id*. at 25), which is a clear and convincing reason to discount Plaintiff's allegations. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (holding that an ALJ appropriately considers inconsistency with the evidence and a tendency to exaggerate in rejecting a claimant's testimony).

Because the ALJ provided multiple clear and convincing reasons to discount Plaintiff's testimony, the Court affirms this portion of the ALJ's decision.

### B. The ALJ Did Not Err in Assessing the Medical Opinion Evidence

David Zacharias, M.D., performed a consultative psychological examination of Plaintiff in November 2016. AR at 691-95. Dr. Zacharias's medical source statement described Plaintiff's

abilities in several areas as "poor" or "poor to fair," but did not explain the meaning of this terminology. *Id*. at 695. The ALJ summarized Dr. Zacharias's opinion and explained that he gave partial weight to it because Dr. Zacharias did not define "what is considered poor or fair ability[,]" and his mental status examination showed some deficits but also many normal findings. *Id*. at 29.

In general, more weight should be given to the opinion of a treating doctor than to a non-treating doctor, and more weight to the opinion of an examining doctor than to a non-examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).[3] Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'" reasons. *Id.* (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester*, 81 F.3d at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

Plaintiff argues that the ALJ erred in failing to explain how he was able to translate Dr. Zacharias's opinion into an RFC assessment, even though he found Dr. Zacharias's opinion to be vague. (Dkt. # 18 at 3-4.) This argument does not establish error for two reasons. First, the Ninth Circuit recently affirmed an ALJ's discounting of a medical opinion using vague terms that do not describe specific functional limitations. *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) ("Here, the ALJ found that Dr. Zipperman's descriptions of Ford's ability to perform in the workplace as 'limited' or 'fair' were not useful because they failed to specify Ford's functional limits. Therefore, the ALJ could reasonably conclude these characterizations were inadequate for

---

[3] Because Plaintiff filed disability applications prior to March 27, 2017, the regulations set forth in 20 C.F.R. § 404.1527 and § 416.927 apply to the ALJ's consideration of medical opinions.

1  determining RFC."). Thus, under *Ford*, the ALJ provided a legally valid reason to discount Dr.
2  Zacharias's opinion.
3       Second, the ALJ credited the opinions of the State agency psychological consultants, who
4  reviewed Dr. Zacharias's opinion, assigned it great weight, and relied on it to craft their own
5  opinions, which are consistent with the ALJ's RFC assessment. *Compare* AR at 23, 29 *with id*. at
6  173-76, 187-90. The State agency consultants evidently translated Dr. Zacharias's opinion into
7  concrete vocational restrictions that the ALJ credited, which resolves any mystery (dkt. # 20 at 2)
8  as to how the ALJ was able to determine Plaintiff's mental RFC despite Dr. Zacharias's
9  vagueness. Thus, any error in the ALJ's articulation of the reasons why he discounted of Dr.
10 Zacharias's opinion is harmless, given that the ALJ's decision is consistent with the vague
11 limitations described in Dr. Zacharias's opinion. *See, e.g., Stubbs-Danielson v. Astrue*, 539 F.3d
12 1169, 1174 (9th Cir. 2008) (holding that an RFC that is consistent with deficits mentioned in
13 medical opinion evidence does not constitute a rejection of the opinion evidence).
14      Because Plaintiff has not established error in the ALJ's assessment of Dr. Zacharias's
15 opinion, the Court affirms this portion of the ALJ's decision.
16      **C.**     **Miscellaneous**
17      Plaintiff's opening brief also contains a discussion of evidence excluded by the ALJ,
18 although Plaintiff does not explicitly assign error to the ALJ's ruling excluding the evidence on
19 the first page of the opening brief. (Dkt. # 18 at 2, 4-6.) Plaintiff suggests that the ALJ abused his
20 discretion in excluding the evidence and that the Appeals Council erred by admitting the
21 evidence into the record without explaining why it failed to undermine the ALJ's decision. (Dkt.
22 # 18 at 5.) But, as correctly noted by the Commissioner, Plaintiff did not submit the excluded
23 evidence to the Appeals Council, which explains why the Appeals Council's decision denying

ORDER - 8

review (AR at 1-6) makes no reference to the evidence excluded by the ALJ. (Dkt. # 19 at 14.) Thus, the Court need not address any issue related to the Appeals Council's consideration of the excluded evidence, because the evidence was not resubmitted to the Appeals Council.

To the extent that Plaintiff argues that the ALJ abused his discretion in excluding some of the evidence presented to him at the administrative hearing, Plaintiff has not provided any argument as to why the ALJ erred in applying the requirements of the regulatory "five-day rule" requiring a claimant to inform an ALJ about any outstanding evidence no later than five business days before the hearing date. *See* 20 C.F.R. § 404.935(a). The ALJ provided a thorough discussion in the decision explaining why counsel had shown good cause for submitting some of the evidence on the day of the hearing, but that counsel did not have good cause for submitting the other evidence late. AR at 17-18. Plaintiff has not addressed the ALJ's findings or shown why they are erroneous, and thus has failed to meet her burden to show error in the ALJ's ruling excluding the medical opinions.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED,** and this case is **DISMISSED** with prejudice.

Dated this 22nd day of September, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge